UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEWAYNE BANKS,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>BRENT REINKE, SHANE EVANS, RENAE L.P. JAMES, TIMOTHY WENGLER, OLIVIA CRAVEN, MARK FUNAIOLE, JANIE DRESSEN, NORMAN LANGERAK II, MIKE MATHEWS, and BILL YOUNG,<br><br>　　　　　　　　Defendants. | Case No. 1:11-cv-00432-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, with a Response and Reply filed. (Dkt. 28, 30, 32.) After reviewing the briefing, the Court requested that the parties file supplements regarding the facts and the law. (Dkt. 37.) Those Supplements have been filed. (Dkt. 38, 39.) Having reviewed the record, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

**DEFENDANTS' MOTION TO DISMISS**

**1.      Standard of Law**

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim when, based on the allegations in the complaint, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In the Rule 12(b) context, all allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). In addition, all reasonable inferences are to be drawn in the nonmovant's favor. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). Dismissal may be granted where there is no cognizable legal theory or insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

To determine a motion to dismiss for failure to state a claim, the court generally may not consider materials outside the complaint and pleadings. *See Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). However, the court may consider attachments to the complaint and documents referred to in (but not attached to) the complaint, where the authenticity of such document is not in question. *Id*. at 622-23. A court may also take judicial notice of matters of its own records, *In re Korean Air Lines Co., Ltd., Antitrust Litigation*, 642 F.3d 685, 689 n.1 (9th Cir. 2011), and public records, such as records and reports of administrative bodies. *Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994).

**MEMORANDUM DECISION AND ORDER - 2**

**2.	Background**

Plaintiff, a three-time convicted felon, is now on parole, but he remains under a sentence of 10 years to life for a conviction of robbery from a state court judgment of December 15, 2000.[1] Plaintiff was convicted of felony rape in 1978, for which he served a sentence of 7 years, finishing in 1983. Plaintiff also was previously convicted of a felony offense of sexual intercourse with a female under the age of eighteen in 1985, for which the sentence was satisfied in 1992.

At the time he filed his Complaint in this action, Plaintiff was an inmate in the custody of the Idaho Department of Correction (IDOC). He alleges that, in the course of his parole eligibility proceedings, Defendants violated his constitutional rights. After screening of this matter by the Court, Plaintiff was permitted to proceed only on his ex post facto and his double jeopardy claims against Defendant Brent Reinke, Director of the IDOC, and Olivia Craven, Executive Director of the Idaho Commission of Pardons and Parole (ICPP), in their official capacities. (Dkt. 13, 20.)

**3.	Discussion**

    **A.	*Ex Post Facto and Double Jeopardy Claims: Retroactive Application of I.C. § 20-223, the Sex Offender Treatment Program, and Parole Conditions Related to Sex Offenses***

While in prison, Plaintiff sought to become eligible for parole, but, because he was serving a current sentence for robbery (not a sex offense), he disagreed with the ICPP and prison officials that he should have to fulfill conditions applicable to sex offenders

---

[1] See https://www.idcourts.us/repository/caseHistory.

**MEMORANDUM DECISION AND ORDER - 3**

(including undergoing a psychological examination and completing the Sex Offender Treatment Program (SOTP)), even though he had two previous sex offenses on his record. In 2009, Plaintiff refused to complete these conditions; as a result, he was denied parole. During the pendency of this suit and under protest, Plaintiff completed the SOTP, took a polygraph examination, and now complies with additional parole conditions applicable under an SOTP. (Dkt. 39.) He contends that all of these conditions amount to an ex post facto violation and a double jeopardy violation.[2]

The statute at issue, Idaho Code § 20-223(b), was enacted in 1980, well before Petitioner was sentenced for his robbery conviction in 2000. *See* I.C. § 20-223, as added by 1980, ch. 297, § 6, p. 768. Plaintiff's claims center on the fact that one of his sex crimes was committed prior to the enactment of the statute.

The ex post facto prohibition of the United States Constitution "forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (internal citations and punctuation omitted). U.S.Const., Art. I, § 9, cl. 3; Art. I, § 10, cl. 1. This prohibition applies to administrative regulations promulgated pursuant to statutory authority. *See Garner v. Jones*, 529 U.S. 244, 250 (2000).

---

[2] For purposes of this claim, the Court assumes, without deciding, that Plaintiff's claims are capable of repetition, yet evading review, and thus can be heard as an exception to the mootness doctrine. *Jackson v. California Dept. of Mental Health*, 399 F.3d 1069, 1072-73 (9th Cir. 2005).

**MEMORANDUM DECISION AND ORDER - 4**

Plaintiff alleges that application of Idaho Code § 20-223 to his parole eligibility status for his robbery conviction amounts to an ex post facto violation. Particularly, I.C. § 20-223(b) provides:

> No person serving a sentence for rape, incest, committing a lewd act upon a child, crime against nature, or with an intent or an assault with intent to commit any of the said crimes or whose history and conduct indicate to the commission that he is a sexually dangerous person, shall be released on parole except upon the examination and evaluation of one (1) or more psychiatrists or psychologists or mental health professionals designated for this purpose by the department of correction to be selected by the commission and such evaluation shall be duly considered by the commission in making its parole determination. The commission may, in its discretion, likewise require a similar examination and evaluation for persons serving sentences for crimes other than those above enumerated.

Plaintiff's allegations fail to state a claim for several apparent reasons. First, the statute "does not impose punishment." *Kansas v. Hendricks*, 521 U.S. 346, 370 (1997). In *Hendricks*, the United States Supreme Court concluded that it was not an ex post facto violation to take past criminal behavior into account when determining whether a person should be involuntarily committed under the Kansas Sexually Violent Predator Act; involuntary civil commitment is not "tantamount to 'punishment,'" the Court concluded. *Id*. at 369.

Similarly, Plaintiff has not pointed to a punitive purpose in Idaho Code § 20-223(b), nor has he included sufficient allegations to show that its application to him amounts to punishment any greater than his current life sentence.

**MEMORANDUM DECISION AND ORDER - 5**

The Idaho Court of Appeals rejected a similar argument in *Mellinger v. Idaho Department of Corrections*, 757 P.2d 1213 (Idaho Ct. App. 1988), concluding that harsh parole conditions under the "Intensive Supervision Program" (ISP) did not amount to an additional punishment or penalty, such that an ex post facto violation would occur:

> We now examine whether the ISP is a law ex post facto. As a preliminary matter, we again emphasize the nature of parole in Idaho. It has been said that parole "is not a matter of right or privilege. It is a matter of grace or clemency only." Because parole is a "gratuity," it will be ordered only for the best interests of society when the Commission believes the prisoner no longer poses a threat to society and is able and willing to fulfill the obligations of a law abiding citizen. I.C. § 20–223. The interests of society are best served when a parolee's assimilation into society is structured and supervised. The conditions fashioned for the parolee's rehabilitative needs provide the structure. Supervision is the means for measuring rehabilitative progress. Adherence to the parole plan not only protects a parolee's limited liberty but demonstrates his ability and willingness to fulfill the obligations of a law abiding citizen.
>
> Parole conditions are not additional punishments or penalties to the crime for which a person was sentenced and incarcerated. The conditions provide the structure necessary to assist a parolee's rehabilitation. Their violation may simply result in the loss of parole. Consequently, implementation of the ISP in Mellinger's case did not violate the ex post facto prohibition.

*Id.*, at 1217-18 (internal citations omitted).

While not a case of precedent binding on this Court, *Mellinger* has a well-reasoned outcome. The Court adopts the reasoning as grounds for concluding that Plaintiff has failed to state allegations showing that applying the parole conditions statute to him is additional punishment.

**MEMORANDUM DECISION AND ORDER - 6**

The second reason Plaintiff's allegations fail to state an ex post facto claim is that the statute "does not have retroactive effect." *Hendricks*, 521 U.S. at 371. Discussing the involuntary commitment statute, the United States Court explained:

> [T]he Act permits involuntary confinement based upon a determination that the person currently both suffers from a "mental abnormality" or "personality disorder" and is likely to pose a future danger to the public. To the extent that past behavior is taken into account, it is used, as noted above, solely for evidentiary purposes. Because the Act does not criminalize conduct legal before its enactment, nor deprive Hendricks of any defense that was available to him at the time of his crimes, the Act does not violate the Ex Post Facto Clause.

521 U.S. at 371.

Similarly, here, Idaho Code § 20-223(b) simply requires a psychological assessment of a convicted felon's criminal history to determine whether he poses a risk of harm to society before he can be released on parole. Plaintiff's sex crime convictions were in 1978 and 1985; therefore, the 1980 statute was in effect prior to the 1985 conviction, but after the 1978 conviction. Regardless, because the earlier crimes are being used for evidentiary purposes only, the only conviction at issue for the ex post facto analysis is the 2000 robbery conviction, which occurred well after the statute was enacted in 1980.

As to Plaintiff's claim that requiring him to complete an SOTP is an ex post facto violation, the United States Court of Appeals for the Ninth Circuit has decided that the reasoning of *Kansas v. Hendricks* "translates wholesale to the ex post facto analysis" of a statutorily-mandated SOTP in *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997).

**MEMORANDUM DECISION AND ORDER - 7**

There, the Court held that the requirement that convicted felons participate in a Sex Offender Treatment Program that was established by statute after the felons' convictions was not an ex post factor violation. The SOTP required all sex offenders, who had been convicted of a sex offense "at any time," to complete the SOTP prior to parole. *Id*. at 822. The Ninth Circuit concluded: "If involuntary confinement in a 'treatment facility' for an indefinite period of time beyond the inmate's original sentence is not punishment, then it is certainly not punishment to deny an inmate eligibility for parole following his classification as a sex offender so that he can participate in a treatment program." *Id*. at 827.

The ex post facto claim of Mr. Neal failed because the Ninth Circuit relied on the *Hendricks* conclusion that "mandatory treatment programs following an inmate's classification as a sex offender based on conduct which occurred prior to the program's beginning do not violate the Ex Post Facto Clause." *Id*. Likewise, simply because Plaintiff is not being held on a sex offense at this time does not mean that requiring him to complete a SOTP based on evidence that he committed sex offenses in his past is punishment.

Finally, Plaintiff's argument that I.C. § 20-223(b) simply does not apply to his robbery conviction is dispelled by reviewing the plain language of the statute. First, the statute expressly authorizes its use for inmates "whose history and conduct indicate to the commission that he is a sexually dangerous person." Plaintiff has two sex crimes in

**MEMORANDUM DECISION AND ORDER - 8**

his past, although his current crime is robbery. Second, the statute authorizes its use for "for persons serving sentences for crimes other than those above enumerated." I.C. § 20-223(b). Plaintiff has not sufficiently alleged facts showing that the statute would not apply under one of these two provisions.

Plaintiff's current arguments set forth in his supplement do not make a difference to the ex post facto analysis above. Plaintiff alleges that he was "forced" to take a sex offender polygraph test because of the past sexual crimes history and "forced" to be under the supervision of a parole officer who supervises sex offenders, as part of an ongoing SOTP. (Dkt. 39.) He must "check in" regularly at Sane Solutions, and he has to submit a monthly treatment log and a weekly contact log. (*Id.*) Because the ICPP may require Plaintiff to comply with any reasonable parole terms that are designed to protect the safety and security of the public if he wishes to be granted parole, and precedent dictates that such requirements do not amount to "punishment," Plaintiff has not stated an ex post facto claim based on these allegations. Plaintiff is not forced to accept these conditions; the alternative is that Plaintiff is free to remain in prison, where he has no access to the general public, rather than accept parole.

Accordingly, Plaintiff has stated no set of facts that amounts to an ex post facto violation in his pleadings. His parole conditions are not punitive, his past sex crimes are being used for evidentiary purposes, and the statute is not being retroactively applied, as his robbery conviction occurred after adoption of the statute. To the extent that Plaintiff

**MEMORANDUM DECISION AND ORDER - 9**

is asserting that these same facts state a claim under the Double Jeopardy Clause, that argument fails as well, because the parole conditions are not punitive, an essential element of a double jeopardy claim. *See Hendricks*, 521 U.S. at 348. As a result, these claims will be dismissed with prejudice.

### B. *Sex Offender Registration: Ex Post Facto and Double Jeopardy*

Plaintiff also alleged that requiring him to register as a sex offender is an ex post facto violation and placed him in double jeopardy, because the registration statute was adopted after the sex crimes were committed, and he has already served his entire sentences for his 1978 and 1985 sex offenses. Idaho Code § 18-831 through 18-8328, known as the "Sex Offender Registration Notification and Community Right to Know Act" (SORA) became effective on July 1, 1993.

Idaho Code § 18-8304(1)(c) provides that sex offender registration is required of any person who:

> Pleads guilty to or has been found guilty of a crime covered in this chapter prior to July 1, 1993, and the person, as a result of the offense, is incarcerated in a county jail facility or a penal facility or is under probation or parole supervision, on or after July 1, 1993.

Plaintiff also argued that SORA simply did not apply to him. In its preliminary review of this case, the Court agreed with Plaintiff that it appeared his current conviction was beyond the reach of SORA, because he was not currently incarcerated for a sex offense. (Dkt. 37.) At that point, Defendants' position was unclear.

In their supplemental briefing, the parties agree that Plaintiff was not, and is not, subject to SORA, including its registration requirements. The Court grants Defendants' request to take judicial notice of the registry information contained on the Idaho State Police's webpage, showing that Plaintiff is not listed as a sex offender on the SORA webpage. (Dkt. 38-1, Exhibit A.) *See* Fed. F. Civ. P. 201.

Because Plaintiff is not, and was not, required to register under SORA, he is without standing to assert claims for declaratory and injunctive relief that Defendants' application of SORA to him violates his rights under the Ex Post Facto and Double Jeopardy Clauses. The United States Supreme Court has explained that the standing doctrine "functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." *Friends of the Earth*, 528 U.S. 167, 191 (2000). "[I]f a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum." *Id*.

Accordingly, the Court concludes that Plaintiff lacks standing to assert any claims under SORA, and they are subject to dismissal without prejudice for lack of jurisdiction.

### 4. Conclusion

The Court finds and concludes that no discovery or additional facts are necessary to resolve the claims in Plaintiff's First Amended Complaint, and that permitting additional amendments would be futile. Plaintiff's ex post facto claim regarding Idaho

**MEMORANDUM DECISION AND ORDER - 11**

Code § 20-223(b) and the SOTP (including parole eligibility and current parole conditions) fails to state a claim upon which relief can be granted, and it will be dismissed with prejudice. The same result occurs if Plaintiff's claim is construed under the Double Jeopardy Clause. Plaintiff lacks standing to assert an ex post facto claim and double jeopardy claim regarding Idaho Code § 18-831 through 18-8328 (SORA), and these claims will be dismissed without prejudice.

## ORDER

IT IS ORDERED:

1. Defendants' Motion for Summary Dismissal (Dkt. 28) is GRANTED.

2. Plaintiff's Amended Complaint and this entire action are DISMISSED. Plaintiff's ex post facto and double jeopardy claims regarding Idaho Code § 20-223(b) and the Sex Offender Treatment Program (including parole eligibility and parole conditions) fail to state a claim upon which relief can be granted and are dismissed with prejudice. Plaintiff lacks standing to assert an ex post facto claim and double jeopardy claim regarding Idaho Code § 18-831 through 18-8328 (SORA), and these claims are dismissed without prejudice.

DATED: **July 17, 2013**

Honorable Edward J. Lodge
U. S. District Judge